AUGUSTINE, Justice ad hoc.*
Gilbert L. Collar was charged by bill of information with the attempted forcible rape of Lolita Hamilton. Collar was tried by a jury on February 3, 1981 and was found guilty as charged. He was subsequently sentenced to serve five years at hard labor.
FACTS
Lolita Hamilton, the twelve year old victim in this case, had been visiting her grandmother for a number of days as of Sunday, June 15, 1980. Gilbert Collar lives in the same apartment building as the victim’s grandmother, and in fact, they are next-door neighbors.
That Sunday morning, Miss Hamilton was left alone in the apartment with her brother David while her grandmother attended church. Shortly afterward, David also left the apartment with Ronald Collar, the defendant’s brother. When some time had elapsed and her brother still had not returned, Lolita went out into the hallway to see whether David might be on his way back. Gilbert Collar saw her there and, without forewarning, forced her back into her apartment. He pushed her into the living room, where he threw her onto the sofa and then to the floor. Collar tried to unbuckle the victim’s gym suit, but when she resisted and called for help, Collar put his hand over her mouth. When the defendant unzipped his pants and exposed himself, Miss Hamilton jumped to her feet and ran downstairs. She could not get out of the building, however, because the defendant had locked the doors. When she returned, the defendant scratched and bruised the victim’s arms. Collar then left the apartment, telling the victim that he would return in a few minutes with band-aids. Seizing the opportunity, Lolita Hamilton called her paternal grandmother, Mabel Singleton, and told her what had just occurred. Mrs. Singleton then called the victim’s father, who in turn phoned the police.
When police arrived, they inspected the scene for evidence. The victim showed them a wet spot on the sofa, where she claimed the defendant had discharged. The police cut that part of the fabric and tested it, finding the fabric positive for seminal fluid.
There was other corroborative evidence: Mabel Singleton testified that Lolita was crying when they spoke on the phone just after the incident; the victim’s father testified that shortly after the attempted rape, he arrived at the scene and saw fresh scratches and bruises on Lolita’s arms; Lula Thomas, a neighbor, testified that she saw the defendant force Lolita into the apartment, heard a scuffle a short time later, then saw the defendant in the kitchen of the victim’s apartment.
The defendant completely denied the allegations, saying that he had just left his apartment to buy cigarettes when he met Miss Hamilton in the hallway. He testified that after a brief conversation with her concerning his former girlfriend, Hamilton began insulting him and an argument ensued. Collar stated that when he turned and walked away from her, Hamilton picked up an iron ball and threw it at him, striking him in the back. Collar turned around and struck Hamilton with his bare hands, but she fought back, the struggle continuing for some time until a neighbor yelled at both of them, at which point hostilities ceased. According to the defendant, this entire episode took place in the hallway.
ASSIGNMENT OF ERROR
The claimed error in this case concerns the refusal of the trial judge to allow the defendant to conduct a certain line of impeachment inquiry. The defendant *87 sought to establish that the victim’s testimony was entirely false and that her motive for perjury was to retaliate against Gilbert Collar for having been instrumental as a State’s witness in a previous trial against the victim’s uncle.
According to the defense, the victim’s uncle Louis J. Ferdinand, had attempted to rob the defendant’s mother. The robbery was foiled when the defendant Collar happened on the scene and shot Ferdinand in his mother’s defense. In a later prosecution, Collar’s role as a State’s witness was significant in obtaining Ferdinand’s conviction. The crime occurred in 1975, and Ferdinand completed his jail sentence approximately two months prior to the attempted rape of Lolita Hamilton.
On three séparate occasions, defense counsel sought to bring these facts before the jury. During cross-examination of the victim, she testified that her Uncle Ferdinand had never been to jail, at least not to her knowledge. At that point, the defense sought to introduce evidence of the uncle’s conviction. The State’s objection was sustained on the basis of relevance, the prosecutor arguing that a 1975 crime was too remote in time to be seriously regarded as a bias-inducing event.
On two later occasions, defense counsel asked questions concerning Louis Ferdinand’s involvement in the earlier attempted armed robbery. Each time, the State’s objection was sustained.
Appellant now argues that “defense counsel was seeking to show a connection between the conviction of the victim’s uncle, his release from jail and the charge against defendant.” Thus, the entire validity of the defendant’s position rests upon the premise that the victim knew or believed that her uncle had been convicted as a result of Collar’s cooperation with the State as a principal witness in the prosecution of her Uncle Ferdinand. But this premise was shown to be false — the victim testified that she had no knowledge of her uncle’s conviction. It follows that the fact of Louis Ferdinand’s prior conviction could not have motivated Lolita Hamilton to commit perjury. Under these circumstances, we see no reversible error in the trial judge’s ruling that evidence of Louis Ferdinand’s prior conviction should not be admitted.
For the reasons assigned, the conviction and sentence of Gilbert L. Collar are affirmed.
AFFIRMED.

 Judge Gaudin of the 5th Circuit Court of Appeal, and Judges Ciaccio and Augustine of the Court of Appeal, Fourth Circuit, participated in this opinion as associate justices ad hoc, joined by Associate Justices Calogero, Dennis, Watson and Lemmon.